[No. 8920.   Department One.   November 26, 1910.]

ARTHUR S. BURR, *Appellant*, v. GEORGE DYER *et al.*,
*Respondents.*[1]

PARTNERSHIP—REPRESENTATION—DEED OF REAL ESTATE.   One part-
ner alone cannot deed partnership real estate.

VENDOR AND PURCHASER—BONA FIDE PURCHASER—RECORDS—CHAIN
OF TITLE.   A purchaser without notice may rely on the record chain
of title.

SAME—RECITALS.   Where one partner in a real estate firm had
undertaken to convey the whole title to partnership property to
grantees paying for the same, a quitclaim and release between the
partners, whereby the other partner agreed to deliver deeds to all
third parties entitled thereto, duly recorded, is part of the record
chain of title of the lots in question, so as to be notice to subsequent
purchasers of the equities of the first grantees, where it recited that
the lands referred to were more particularly described in quitclaim
deeds of a specified date, and comprise all lands known to be covered
by conditional sale contracts in which the partners appear as parties
of the first part for which proper deeds had not been given (RUDKIN,
C. J., and GOSE, J., dissenting).

Appeal from a judgment of the superior court for King
county, Main, J., entered January 8, 1910, upon findings in
favor of the defendants, quieting their title, in an action
brought for partition.   Affirmed.

*T. Howard Shelley* and *J. W. Russell*, for appellant.
*Guie & Guie*, for respondents.

MOUNT, J.—The appellant brought three actions for a
partition of certain real estate, alleging that he was the owner
of an undivided one-half interest therein.   The respondents
denied the ownership in the plaintiff, alleged ownership in
themselves, and prayed to have their title quieted.   While the
cases involved different pieces of real estate, the facts in all
are substantially the same.   The actions were consolidated
and tried as one case.   The court found in favor of the de-

[1]Reported in 111 Pac. 866.

fendants, and entered a decree quieting their title. The plaintiff has appealed.

It appears that O. E. Kenyon and H. H. McCord were copartners in the business of buying and selling real estate in Seattle, from the years 1903 to 1906 inclusive. About February 11, 1903, the Washington National Bank of Seattle, being the owner, conveyed the property in question to said O. E. Kenyon and H. H. McCord. This property was located in "State Park Addition to Seattle." Soon thereafter both Kenyon and McCord went to Roslyn, in Kittitas county, and offered the lots for sale. Some were sold on contract and others for cash. Respondents purchased certain of the lots thus offered by the two partners, who personally conducted the sale. McCord and wife afterwards executed warranty deeds, purporting to convey the whole interest in the lots to the grantees. Thereafter, in the year 1906, certain quitclaim deeds conveying the real estate involved were made by H. McCord and wife to O. E. Kenyon; and afterwards, on September 18, 1906, Kenyon and McCord entered into a release as follows:

"O. E. Kenyon to H. H. McCord.　Release.

"Whereas, the undersigned, O. E. Kenyon of Seattle, Washington, and H. H. McCord now of Los Angeles, California, were formerly copartners, engaged in the business of buying and selling real estate for profit, under the firm name and style of McCord & Kenyon, and the sale of real property by said McCord & Kenyon having been made largely on the deferred payment plan, and many of the transactions at this date now having been completed.

"And whereas, by certain quitclaim deeds, dated September 11th, A. D. 1906, the said H. H. McCord released and quitclaimed unto the said O. E. Kenyon any and all interest or estate in and to sundry descriptions of land in the following additions situated in King county, Washington, to wit: Wasson's Addition to Ravenna Park; Cumberland Addition to Seattle, State Park Addition to Seattle, Pontiac Addition to Seattle; Ravenna Springs Park Addition to Seattle, Riverside Addition to Seattle, and the Kelsey-Craig Five Acre Tracts. To all of said deeds of conveyance reference is hereby made for

a more complete and full description of the land therein remised and quitclaimed in the county of King and state of Washington, and also the SE¼ of the NE¼ and the N½ of the SE¼ of the SE¼ of section 10, township 23, north of range 2 east W. M., situated in Kitsap county, Washington.

"And whereas, the lands herein referred to and more particularly described in the said quitclaim deeds of September 11th, 1906, comprise and include all lands known to be covered by conditional sale contracts in which the said McCord & Kenyon appear as parties of the first part, and divers other parties appear as parties of the second part, and to which proper deeds of conveyance have not as yet been given.

"And whereas, the quitclaim deeds herein referred to have been made and delivered· to the said O. E. Kenyon by the said McCord, for the purpose of enabling the said Kenyon to complete any and all the contracts of sale which the said firm of McCord & Kenyon has heretofore obligated itself to complete and also to enable said Kenyon to make and deliver proper deeds of conveyance to any of such third parties as may pay in full the principal and interest, the amounts due to the former firm of McCord & Kenyon.

"Now, therefore, in consideration of the conveyance herein referred to the said O. E. Kenyon covenants and agrees to make and deliver deeds of conveyance to such third parties as may be entitled to receive them, and the said O. E. Kenyon hereby releases and forever discharges the said H. H. McCord, his heirs, executors and administrators of and from any and all debts, claims and demands of whatever name or nature, and hereby covenants and agrees to relieve and hold blameless the said H. H. McCord from any and all liability arising out of any and all of the transactions connected with the sale or subsequent sales of the real property herein referred to, provided, however, that the said McCord will further execute a quit-claim deed to O. E. Kenyon to such further descriptions as should have been included in his deeds herein referred to, if by inadvertence omitted and which may not now be known to either of said parties.

"Witness my hand and seal this 18th day of September, 1906."

This instrument was duly signed and acknowledged, and was recorded in the records of deeds of King county on September 20, 1906. Afterwards on August 15, 1908, Mr.

Kenyon conveyed an undivided one-half interest in the lots in dispute to one L. W. Lewis. Mr. Lewis conveyed the same interest to J. L. Coman, and Mr. Coman conveyed to the appellant.

The controlling question in the case is whether the appellant is an innocent purchaser without notice of the claims of the respondents. It is no doubt the rule, as argued by the appellant, that one partner may not convey away the interest of another partner in real estate, and that a purchaser without notice of existing equities may rely upon the record chain of title, and is not bound to go outside the record to inquire for such equity. In this case, however, the release above quoted is a part of the record chain of title of the lots in controversy. The lots are referred to therein, and it is there stated:

"And whereas the lands herein referred to and more particularly described in the said quitclaim deeds of September 11th, 1906, comprise and include all lands known to be covered by conditional sale contracts in which the said McCord and Kenyon appear as parties of the first part, and divers other parties appear as parties of the second part, and to which proper deeds of conveyance have not yet been given."

We think the lower court was right in concluding that this was sufficient to put subsequent purchasers of these lots upon notice, especially where the record shows that the whole interest in the lots in question was attempted to be conveyed by one of the partners.

The judgment must therefore be affirmed.

PARKER and FULLERTON, JJ., concur.

RUDKIN, C. J. (dissenting)—The release referred to in the majority opinion does not include the property in controversy here and for that reason is not constructive notice to subsequent purchasers of the particular property. I therefore dissent.

GOSE, J., concurs with RUDKIN, C. J.